UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

v.

SHAWNTORRIAN TRAVIS and
ANTWON STEWARD,

                              Defendants.

**DECISION AND ORDER**

14-CR-134A

## I)  INTRODUCTION

On July 31 and August 5, 2014, the Court held detention hearings for

defendants Shawntorrian Travis ("Travis") and Antwon Steward ("Steward")

under 18 U.S.C. § 3142.[1]  In their respective hearings, Travis and Steward made

proffers regarding the strength of the evidence, their criminal histories, and their

willingness to post bail with the help of family members.  The Government

opposed release for each defendant.

For the reasons below, the Court grants release for each defendant as

specified below.

## II)  BACKGROUND

This case concerns allegations that Travis and Steward bought and sold

cocaine and cocaine base as members of the Scheule Boys street gang in the

---

[1] There is no significance to the pairing of these two particular defendants in this case.  The
detention hearings for these two defendants simply happened to be scheduled at the same
time.

City of Buffalo.  In the indictment (Dkt. No. 53),  the Government charged both

defendants with conspiring "to possess with intent to distribute, and to distribute,

5 kilograms or more of a mixture and substance containing cocaine and 28

grams or more of a mixture and substance containing cocaine base" (*id.* at 2) in

violation of 21 U.S.C. § 846.  The pre-indictment complaint (Dkt. No. 1) provided

more factual information specific to each defendant.

### A)      *Factual allegations regarding Travis*

The complaint makes several references to Travis regarding drugs and

money laundering.  Paragraph 8 of the complaint mentions that Travis and others

supplied each other with cocaine.  The paragraph mentions generally that

"members and associates of the Schuele Boys" committed acts of violence such

as shootings but without assigning those shootings to any particular defendant.

Paragraph 18 mentions, without further detail, that an informant positively

identified an image of Travis and that the informant knew Travis's brother.

Paragraph 21 mentions that an informant observed Travis and others at a car

dealership in Buffalo called Gone Auto Sales.  Paragraph 22 relays the

Government's belief that Travis co-owns and helps operate Gone Auto Sales and

uses the dealership to launder drug proceeds.  Paragraph 30 states that Travis

has supplied some of his co-defendants with narcotics.  Paragraphs 31–33

describe how Travis frequently changed his telephone number to avoid detection

by law enforcement; these paragraphs also describe certain intercepted communications in which Travis and others arranged specific drug transactions.

### B)      Factual allegations regarding Steward

The complaint makes several references to Steward as well.  Paragraph 8 includes Steward in the general allegation about drug transactions and acts of violence.  Paragraph 29 states that Steward and others often drove co-defendant Michael Robertson ("Robertson") to drug transactions because Robertson does not have a valid driver's license.  Paragraphs 34–37 mention that Steward is Robertson's brother and then recount certain intercepted communications in which Steward and others arranged specific drug transactions.  Paragraph 42 states without further detail that Steward was involved in drug trafficking with certain other co-defendants.  Paragraphs 65–66 recount certain other intercepted communications regarding arrangements for drug transactions.

### C)      Travis's argument for bail

Travis makes several arguments for bail based on the factors that the Court can consider under 18 U.S.C. § 3142(g).  Travis downplays the allegations of the complaint by noting that his name appears in only a few out of 89 total paragraphs.  The Government allegedly intercepted thousands of conversations, yet the complaint links Travis to only a few conversations that the Government considered relevant.  The allegations of the complaint, according to Travis,

mention no consummated transactions, no conduct involving guns, and no acts of violence.  As for information from his bail report, Travis acknowledges having three prior convictions locally and in Ohio but counters that he completed his parole in Ohio without ever absconding.  To the extent that Travis's Ohio conviction involved a fugitive warrant, Travis explains that he tried to transfer his parole from Ohio to New York.  New York rejected the case, but Travis never knew about the rejection and resided in New York without incident.  Travis also explains the protection orders in his record by noting that he was one of the protected people.  At his detention hearing, Travis presented family members who volunteered to help post bail and to house him in a proposed residence. The United States Probation Office ("USPO") has found the proposed residence acceptable if the Court ordered release.

The Government opposes release for several reasons.  The Government relies on the statutory presumption under 18 U.S.C. § 3142(e)(3) and asserts that Travis has not rebutted it.  The Government argues that Travis faces serious charges of arranging drug transactions, for which he faces a mandatory minimum sentence of 10 years and a maximum sentence of life.  The Government also points to Travis's criminal history, which includes a prior case in federal court in this District.  The Government finally notes that Travis's protection orders were

4

mutual in nature; he and his partner had a domestic dispute and were ordered to stay away from each other.

### D) Steward's argument for bail

Steward makes similar arguments for bail. Steward contends that the actual conduct alleged in the complaint about him is ambiguous. Although Steward's criminal history includes an arrest while on bail, he downplays his history by arguing that it consists of only two misdemeanor convictions from over 11 years ago. Steward emphasizes his family ties to the area and has proposed both a residence and a bail package.

The Government opposes Steward's release also. The Government again relies on the statutory presumption in favor of detention and its interpretation of Steward's drug-related communications as described in the complaint. The Government notes that Steward also faces a mandatory minimum sentence of 10 years with a possible maximum of life.

## III) DISCUSSION

"The Eighth Amendment to the Constitution states that '[e]xcessive bail shall not be required.' U.S. Const. amend. VIII. Consistent with this prohibition, 18 U.S.C. § 3142(b) requires a court to order the pre-trial release of a defendant on a personal recognizance bond 'unless the [court] determines that such release will not reasonably assure the appearance of the person as required or

will endanger the safety of any other person or the community.'" *U.S. v. Sabhnani*, 493 F.3d 63, 75 (2d Cir. 2007). Statutory factors to be considered when assessing flight or danger include the nature and circumstances of the offense charged, the weight of the evidence against the person, the history and characteristics of the person, and the nature and seriousness of the danger to any person or the community that would be posed by the person's release. *See* 18 U.S.C. § 3142(g).

With respect to flight risk, "the government carries a dual burden in seeking pre-trial detention. First, it must establish by a preponderance of the evidence that the defendant, if released, presents an actual risk of flight. Assuming it satisfies this burden, the government must then demonstrate by a preponderance of the evidence that no condition or combination of conditions could be imposed on the defendant that would reasonably assure his presence in court." *Sabhnani*, 493 F.3d at 75 (citations omitted). "To order detention, the district court must find, after a hearing, that the government has established the defendant's dangerousness by clear and convincing evidence. The rules of evidence do not apply in a detention hearing. Further, the government may proceed by proffer." *U.S. v. Ferranti*, 66 F.3d 540, 542 (2d Cir. 1995) (citations omitted).

Here, the Court finds that conditions short of detention will reasonably assure Travis's appearance as required and will not endanger the safety of any other person or the community.  Travis certainly faces serious charges involving one or more drug transactions.  That said, the Court notes that a 55-page complaint alleging that an organized street gang trafficked in drugs, guns, and violence turned into a one-count indictment alleging only a drug conspiracy. Regardless of whether the change in charges implicates the strength of the evidence, the case against Travis and Steward certainly has narrowed, at least for now.  Travis's criminal history, though serious, is somewhat dated.  The most recent conviction is the federal misdemeanor conviction, for which Travis received only one year of probation.  Travis's other convictions occurred over 11 years ago.  With respect to the issue of parole transfer and possible fugitive status, Travis's apparent lack of interest in confirming the transfer causes some concern, but the Court credits as plausible Travis's explanation related to bureaucratic confusion.  Travis's family ties to the area also weigh in favor of release.  The Court orders Travis released on the following conditions: 1) a $100,000 bond secured by $50,000 cash and co-signed by at least one surety of defendant's choice who is currently employed and has no criminal history; 2) home confinement with electronic monitoring at the residence that the USPO has approved; 3) no contact, however direct or indirect, with any co-defendants,

7

alleged co-conspirators, or witnesses to any alleged events; 4) consent to drug testing on any schedule that the USPO deems appropriate; 5) consent to a search of the residence at any time; 6) any other conditions that the USPO may recommend next week; and 7) zero tolerance for any violation of these conditions.

For similar reasons, the Court finds that conditions short of detention will reasonably assure Steward's appearance as required and will not endanger the safety of any other person or the community.  The complaint makes allegations about numerous drug transactions and gun-related acts of violence, but for now, Steward officially faces only one count of a drug conspiracy.  Prior to this case, Steward's criminal history was over 11 years old and comprised two misdemeanor convictions.  Under these circumstances, and given Steward's family ties to the area, the Court orders Stewart released on the following conditions:  1) a $75,000 bond secured by $35,000 cash and co-signed by at least one surety of defendant's choice who is currently employed and has no criminal history; 2) home confinement with electronic monitoring at the residence that the USPO has approved; 3) no contact, however direct or indirect, with any co-defendants, alleged co-conspirators, or witnesses to any alleged events; 4) consent to drug testing on any schedule that the USPO deems appropriate; 5) consent to a search of the residence at any time; 6) any other conditions that the

USPO may recommend; and 7) zero tolerance for any violation of these conditions.

Despite its willingness to allow Travis and Steward one chance at release, the Court acknowledges that "the enforcement of all constitutional restraints upon government in its efforts to administer the criminal law entails risks." *U.S. v. Gonzales Claudio*, 806 F.2d 334, 343 (2d Cir. 1986), *superseded in part on other grounds by* Fed. R. Crim P. 5(c).  The Court strongly cautions Travis and Steward to use counseling, the USPO, and their attorneys to avoid any problems while on release; this Court will not consider pretrial release again if any violations occur.

## IV) CONCLUSION

For all of the foregoing reasons, the Court orders Travis and Steward released under the conditions explained above.  Both defendants and counsel must appear on **Monday, August 11, 2014 at 2:00 PM** for a status conference to finalize details of their release in accordance with this Decision and Order.  The United States Marshal Service will retain custody of Travis and Steward until Monday or until all release conditions are finalized, whichever comes later.

Pursuant to 18 U.S.C. § 3142(h)(2), the Court hereby warns Travis and Steward that committing any criminal offense while on pretrial release will lead, in addition to any sentence imposed for any conviction in this case, to an additional

sentence of as much as 10 years under 18 U.S.C. § 3147.  The Court warns

Travis and Steward further that a violation of any condition of release may lead to

an immediate issuance of a warrant for their arrest.  Finally, the Court hereby

places Travis and Steward on notice of 18 U.S.C. §§ 1503 (relating to

intimidation of witnesses, jurors, and officers of the court), 1510 (relating to

obstruction of criminal investigations), 1512 (tampering with a witness, victim, or

an informant), and 1513 (retaliating against a witness, victim, or an informant).

In accordance with 18 U.S.C. § 3142(j), nothing in this Decision and Order

shall be construed as modifying or limiting the presumption of innocence.

SO ORDERED.

_____/s Hugh B. Scott_____
HONORABLE HUGH B. SCOTT
UNITED STATES MAGISTRATE JUDGE

DATED: August 8, 2014

10